## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
| IN RE: | ) | Honorable Timothy A. Barnes |
|  | ) |  |
| KENT A. WOODS, | ) | Case No. 13 B 39194 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 4, 2014 at 10:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 613, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Final Application for Compensation and Reimbursement of Expenses as Counsel for the Debtor by Freeborn & Peters LLP, for the Period July 16, 2014 and Including September 18, 2014*, a copy of which is attached hereto and herewith served upon you.

Dated:  October 13, 2014           **KENT A. WOODS**

                                   By:     /s/ Shelly A. DeRousse
                                              One of Its Attorneys

                                           Shelly A. DeRousse
                                           FREEBORN & PETERS LLP
                                           311 South Wacker Drive, Ste. 3000
                                           Chicago, Illinois 60606-6677
                                           Telephone:  312.360.6000
                                           Facsimile:  312.360.6995

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| KENT A. WOODS, | ) | |
| | ) | Case No. 13 B 39194 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Shelly A. DeRousse, an attorney, hereby certify that on October 13, 2014, I caused a true and correct copy of the foregoing *Notice of Motion* and *Final Application for Compensation and Reimbursement of Expenses as Counsel for the Debtor by Freeborn & Peters LLP, for the Period July 16, 2014 and Including September 18, 2014*, to be filed with the Court and served upon the following parties via ECF notification. Further service shall be made by U.S. Mail upon the following parties on October 14, 2014.

        /s/ Shelly A. DeRousse

**Service List**

**CM/ECF Notice List**

John C. Legutki   jclegutski@sbcglobal.net
Terri M. Long   tmlong@tmlong.com
Steven S. Shonder   steve@shonderlegal.com
Stephen G. Wolfe   steve.g.wolfe@usdoj.gov

**U.S. Mail Notice List**

5th Third Bank
5050 Kingsley Drive
MD# 1MOC2N
Cincinnati, OH 45263

Ally Financial
P.O. Box 380901
Bloomington, MN 55438

Ally Financial
P. O. Box 130424
Roseville, MN 55113-0004

American Eagle
P.O. Boxc 965005
Orlando, FL 32896

American Express
P.O. Box 981537
El Paso, TX 79998

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Ann Marie Murphy
1944 W. Thomas Street
Unit 1
Chicago, IL 60622

Banana Republic
P.O. Box 965005
Orlando, FL 32896

Bank of America
4161 Piedmont Parkway
Greensboro, NC 27410

Beatrice Zaragoza
2035 South Indiana #210
Chicago, IL 60616

BMO Harris
111 West Monroe, LLW
Chicago, IL 60603

BMO Harris
Bankruptcy Department
180 N. Executive Drive
Brookfield, WI 53005

BMO Harris Bank
770 North Water Street
Milwaukee, WI 53202

Capital One
POB 30281
Salt Lake City, UT 84130

CarMax Auto Finance
Attn: Bankruptcy Department
225 Chastain Meadows Ct.
Suite 210
Kennesaw GA 30144

CDPEAC
C/O P.O. Box 965036
Orlando, FL 32896

Chase
P.O. Box 24696
Columbus, OH 43224

Chicago Mercantile Exchange
20 South Wacker
Chicago, IL 60606

Christopher John Guzzarde
2128 West Rice Street Unit 3
Chicago, IL 60622

Discover Financial Services LLC
P.O. Box 15316
Wilmington, DE 19850

Fifth Third Bank
9441 LBJ Freeway, Suite 350
Dallas, TX 75243

Futures International
190 South LaSalle Street
Suite 410
Chicago, IL 60603

HSBC Bank
Bankruptcy Department
P.O. Box 9068
Brandon, FL 33509-9068

Illinois Department of Revenue
P.O. Box 19447
Springfield, IL 62719

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
200 West Adams, 23rd Floor
Chicago, IL 60606

John C Legutki
The Monadock Building
53 W Jackson Blvd Suite 920
Chicago, IL 60604

Kohls
N56 W 17000 Ridgewood Drive
Menomonee Falls, WI 53051

LaSalle National Bank
c/o Bank of America, NA
CA6-919-02-41
PO Box 5170
Simi Valley, CA 93062

Lens Crafters
P.O. Box 965036
Orlando, FL 32896

Leticia Zaragoza
2035 South Indiana, #210
Chicago, IL 60616

Jefferson Capital Systems
PO Box 7999
Saint Cloud, MN 56302

Old Navy
P.O. Box 965005
Orlando, FL 32896

OTC Global Holdings
5151 San Felipe, Suite 2200
Houston, TX 77056

Peter Cooper
Lawrence Kamin Saunders & Uhlenhop
300 South Wacker Drive, Suite 500
Chicago, IL 60606

Sears
P.O. Box 6282
Sioux Falls, SD 57117

Shell Credit Card
P.O. Box 6497
Sioux Falls, SD 57117

Steven S. Shonder
77 West Jackson Drive
Chicago, IL 60601

Target
P.O. Box 673
Minneapolis, MN 55440

Tenco, Inc.
Thomas Neal
141 West Jackson Blvd.
Chicago, IL 60604

The Home Depot (THD/CBNA)
P.O. Box 6497
Sioux Falls, SD 57117

Thomas Neal
135 South LaSalle Street
Chicago, IL 60603

Thomas Neal
525 Crabtree Lane
Lake Forest, IL 60045

UNVL/CITI
6241 P.O. Box
Sioux Falls, SD 57117

US Bank
Bankruptcy Department
PO Box 5229
Cincinnati, OH 45201

US Commodity Futures Trading Comm.
525 West Monroe Street,
Suite 1100
Chicago, IL 60661

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
| IN RE: | ) | Honorable Timothy A. Barnes |
|  | ) |  |
| KENT A. WOODS, | ) | Case No. 13 B 39194 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**COVER SHEET**

NAME OF APPLICANT:    Freeborn & Peters LLP

ROLE IN CASE:    Attorneys for the Debtor

DATE OF ORDER AUTHORIZING EMPLOYMENT: June 2, 2014 retroactive to April 9, 2014

FEES AND EXPENSES PREVIOUSLY REQUESTED: $53,285.00 fees and $536.08 expenses

CURRENT APPLICATION PERIOD ALLOWANCE: July 16, 2014 through September 18, 2014

FINAL PAYMENT REQUESTED PERIOD:    April 9, 2014 through September 18, 2014

FEES REQUESTED:    $27,665.00

EXPENSES REQUESTED:  $51.60

| Name of Professional | Type of Professional | Rate | Hours Billed | Total |
|---|---|---|---|---|
| Shelly A. DeRousse | Attorney | $400.00 | 73.00 | $24,800.00 |
| Richard S. Lauter | Attorney | $655.00 | 0.00 | $0.00 |
| Brian J. Jackiw | Attorney | $335.00 | 0.00 | $0.00 |
| Elizabeth L. Janczak | Attorney | $325.00 | 3.90 | $1,267.50 |
| Kathryn C. Sheldon | Paralegal | $280.00 | 0.00 | $0.00 |
| Jacqueline E. Hazdra | Paralegal | $225.00 | 7.10 | $1,597.50 |
|  |  | **TOTALS:** |  | **$27,665.00** |

Dated:  October 13, 2014                               Freeborn & Peters LLP


                                         By:  /s/ Shelly A. DeRousse
                                              Counsel for Debtor

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
| IN RE: | ) | Honorable Timothy A. Barnes |
|  | ) |  |
| KENT A. WOODS, | ) | Case No. 13 B 39194 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COUNSEL FOR THE DEBTOR BY FREEBORN & PETERS LLP, FOR ALLOWANCE
FOR THE PERIOD JULY 16, 2014 THROUGH AND INCLUDING SEPTEMBER 18, 2014**

Freeborn & Peters LLP ("**Freeborn**"), attorneys for Kent Allen Woods ("**Debtor**"), makes this Final Application for allowance of compensation for fees for services rendered and costs incurred for the period July 16, 2014 through and including September 18, 2014 and for final allowance and payment of all fees for services rendered and costs incurred for the period April 9, 2014 through and including September 18, 2014. Freeborn applies for compensation for fees for services rendered and costs incurred in this Chapter 11 proceeding and respectfully states as follows:

**INTRODUCTION**

1.  This application is filed pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 2016 for professional services rendered to and on behalf of the Debtor. This is the final fee application filed by the attorneys for the Debtor.

2.  This case was commenced by the filing for relief pursuant to Chapter 11 of the Bankruptcy Code on October 4, 2013 (the "**Petition Date**"). No committee has been appointed.

3.  On June 2, 2014, the Court entered and Order authorizing the appointment of Freeborn as counsel for the Debtor, retroactive to April 9, 2014.

4.  Prior to the petition date, the Debtor's former law firm Stahl Cowen Crowley Addis

2

LLC ("**SCCA**") received a retainer of $94,000.00; SCCA transferred $10,532.25 to Freeborn representing what SCCA claims is the balance of the pre-petition retainer as of April 9, 2014.

    5.    By application, Freeborn and the Debtor seek allowance of $27,665.00 in fees and reimbursement of $51.60 in expenses incurred and paid by Freeborn on behalf of the Debtor the period of July 16, 2014 through and including September 18, 2014.

## REQUEST FOR ALLOWANCE OF COMPENSATION

    6.    All professional services for which allowance of compensation is requested were performed by Freeborn for and on behalf of the Debtor. This Application covers the allowance of compensation for professional services performed from July 16, 2014 through September 18, 2014. During this period, Freeborn rendered a total of 73.00 hours of professional services on behalf of the Debtor. The time spent by Attorneys and other professionals is as follows:

| Name of Professional | Type of Professional | Hours Worked |
|---|---|---|
| Shelly A. DeRousse | Attorney | 62.00 |
| Elizabeth L. Janczak | Attorney | 3.90 |
| Jacqueline E. Hazdra | Paralegal | 7.10 |

A complete accounting of the foregoing time is provided in Exhibit A.

    7.    Freeborn believes that the requested fee of $27,665.00 for 73.00 hours worked, is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977).

## REQUEST FOR REIMBURSEMENT OF EXPENSES

    8.    Actual expenses advanced by Freeborn on behalf of the Debtor from July 16, 2014 through September 18, 2014 total $51.60. The expenses are itemized in detail on Exhibit A. The expenses were for a filing fee and postage for mailing notice to all creditors and parties in interest on certain motions and the plan of reorganication.

**RETAINER AND COMPENSATION PREVIOUSLY RECEIVED**

9. This is the Final Application for compensation filed by Freeborn. Prior to this Final Application, the Court has previously allowed

10. On August 20, 2014, the Court allowed Freeborn's request for fees in the amount of $53,285.00 and expenses in the amount of $536.08 and payment of 90% of the allowed fees and 100% of the allowed expenses. On August 20, 2014, the Court entered an Order Approving Disclosure Statement and Confirming Debtor's Second Amended Plan of Reorganization (the "**Confirmation Order**"), which allowed for payment of allowed administrative fees from the proceeds of the sale of certain assets of the Debtor's estate. The effective date of the Second Amended Plan of Reorganization is September 18, 2014 (the "**Effective Date**").

11. On September 9, 2014, the Court entered an order setting October 14, 2014 as the deadline to file administrative claims (the "**Administrative Claims Bar Date**"). The sale of the Wheaton Property (as defined in the Confirmation Order) closed after the Confirmation Order was entered and the proceeds of that sale were deposited in the client trust account of Freeborn, currently being held until the Court rules on the allowance of all administrative claims properly filed before the Administrative Claims Bar Date. For that reason, none of Freeborn's previously allowed fees and expenses have been paid as of the filing of this Application.

**REQUEST FOR FINAL PAYMENT OF FEES**

12. Freeborn seeks final payment of 100% of the allowed fees incurred from the Petition Date through the Effective Date in the aggregate amount of $80,950.00, or $27,665.00 for the period of July 16, 2014 through September 18, 2014 and $53,285.00 for previously allowed fees and 100% of the allowed expenses in the amount of $587.68, or $51.60 for the period of July 16, 2014 through September 18, 2014 and $536.08 for previously allowed expenses in accordance with the Confirmation Order and Second Amended Plan of Reorganization or from any estate asset.

4

**BILLING RATES**

13.     Primary counsel for the Debtor has been Shelly A. DeRousse.[1] The standard rates charged by Freeborn on routine, non-complicated matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved are as follows:

| Name of Professional | Type of Professional | Rate |
|---|---|---|
| Shelly A. DeRousse | Attorney | $400.00 |
| Richard S. Lauter | Attorney | $655.00 |
| Brian J. Jackiw | Attorney | $335.00 |
| Elizabeth L. Janczak | Attorney | $325.00 |
| Kathryn C. Sheldon | Paralegal | $280.00 |
| Jacqueline E. Hazdra | Paralegal | $225.00 |

14.     Based on such rates and the detail of time provided in Exhibit A, the value of the professional services rendered in this case on behalf of the Debtor during the time period of July 16, 2014 through September 18, 2014 is $27,665.00.

15.     The rates charged by Freeborn as set forth herein are customary for bankruptcy attorneys of similar skill and reputation.  For services of the type rendered herein where those services were performed for a private client, Freeborn would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis.  The fees requested by Freeborn are comparable to those fees which would be charged to a private client for similar services rendered by Freeborn.

16.     The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibit are well within the range charged by attorneys of similar skill and reputation in the area of bankruptcy and commercial law.

---

[1] Ms. DeRousse moved to Freeborn from SCCA while this case was pending.  Freeborn's rates for attorneys with Ms. DeRousse's experience are typically higher than $400 per hour, however, Freeborn is charging a discounted rate of $400 per hour for Ms. DeRousse for this case to keep her rate in line with what she charged at her prior firm in this matter.

**SUMMARY OF SERVICES RENDERED**

17. During this compensation period, on behalf of the Debtor, Freeborn performed the following services which materially benefited the Debtor's estate:

   a. Prepare for and attend all hearings in the Bankruptcy Court.

   b. Review, analyze and negotiate claims related to an adversary proceeding filed by creditor Ann Marie Murphy. Negotiating settlement of that matter, which resulted in the dismissal of the adversary proceeding.

   c. Review, help prepare, and file monthly operating reports and monitor payment of United States Trustee's fees. At the request of the United States Trustee's Office, the monthly operating reports were amended several times.

   d. Negotiate and draft a plan of reorganization and disclosure statement and exhibits. Revise the plan of reorganization and disclosure statement to address concerns of creditors and the United States Trustee's Office. Solicit votes on the plan of reorganization, prepare a ballot summary, and appear at the confirmation hearing on behalf of the Debtor.

   e. Resolve claims with creditors, including many negotiations with counsel for Ann Marie Murphy, the Commodities Futures Trading Commission (the "**CFTC**"), Fifth Third Bank, and Thomas Neal.

   f. Prepare a motion to compromise claim of the CFTC.

   g. Respond to motions to modify the automatic stay filed by two separate creditors.

   h. Draft, file and present a motion to sell real property and monitored the sale of such property.

   i. Amend the bankruptcy schedules, as needed.

   j. Meet and confer with the Debtor to discuss strategy of case.

    k.  Perform various other services related to the administration of the bankruptcy case.

  18.  Freeborn has rendered the appropriate, necessary services to the Debtor in this case. Exhibit A provides a detailed record of all of the services rendered by Freeborn.

## **PROJECT SUMMARY**

  19.  During the time relevant to this fee application, Freeborn has recorded the time spent by its attorneys and paralegals in four separate matters, based on the type of services provided, including General Bankruptcy Issues (57.5 hours), Retention Issues (19.9 hours), Fee Application (0.0), Claims Resolution (19.7), and Plan of Reorganization (49.7 hours).  A detailed explanation of the services Freeborn performed within these matters is included on Exhibit A.

  20.  The number of hours spent on each matter broken down by professional is as follows:

| Professional | General | Retention Issues | Fee Application | Claims Resolution | Plan of Reorganization | TOTAL |
|---|---|---|---|---|---|---|
| Shelly A. DeRousse | 26.9 | 0.0 | 10.5 | 11.8 | 12.8 | 62.0 |
| Elizabeth L. Janczak | 1.8 | 0.0 | 0.0 | 0.3 | 1.8 | 3.9 |
| Jacqueline E. Hazdra | 1.2 | 0.0 | 2.7 | 2.0 | 1.2 | 7.1 |
|  | **29.9** | **0.0** | **13.2** | **14.1** | **15.8** | **73.0** |

  21.  The legal questions arising in the representation of the Debtor have been both novel and challenging.  They required the exercise of skill application of the Bankruptcy Code provisions relating to the matters considered.  In order to perform the legal services enumerated herein properly, substantive legal knowledge in the fields of bankruptcy, commercial law, litigation and debtor/creditor rights was required. Each of these matters was performed with the skill necessary to accomplish the result achieved.

  22.  Freeborn is aware of no other specific employment which was precluded as a result

7

of its accepting this case. However, the efforts of Freeborn were devoted to this case and Freeborn was unable to devote that time to other matters, therein preventing Freeborn from billing and collecting fees in other cases.

23. The matters set forth herein reflect the limitations imposed by the Debtor, the Bankruptcy Code and this Court in requiring Freeborn to act expeditiously to achieve the results sought by Freeborn and the Debtor.

24. The amount requested by Freeborn is not unreasonable in terms of awards in cases of like magnitude and complexity and the significant role that Freeborn played in amending the schedules, negotiating with creditors and resolving all of the significant claims in this case, responding to and resolving an adversary proceeding, and drafting the Second Amended Plan of Reorganization and Disclosure Statement, soliciting votes and appearing at the combined hearing on confirmation and adequacy of the disclosure statement. The fees requested by Freeborn comport with the mandate of the Bankruptcy Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

## RESULTS ACHIEVED

25. Freeborn has achieved significant results for its client through these proceedings. Freeborn has helped the Debtor avoid judgment from one of his largest creditors, draft and reach confirmation of a plan of reorganization which has resulted in payment in full of the claim of one secured creditor Fifth Third Bank and should result in payment in full of another secured creditor and will likely result in payment of priority unsecured creditors, negotiated and resolved significant claims against the Debtor, and resolved an adversary proceeding.

## NOTICE

26. Notice of this Application is being provided electronically to all parties who have requested electronic notice and by U.S. Mail to the Debtor, the U.S. Trustee's Office, and all

creditors on the creditors' matrix.  Since this is an interim application, the Debtor requests that notice heretofore provided is deemed adequate under the circumstances.

**WHEREFORE,** Freeborn seeks the final allowance of $27,665.00 for services provided and $51.60 for expenses incurred between July 16, 2014 and September 18, 2014; final payment of 100% of the current and previously allowed fees and 100% of the current and previously allowed expenses; and for such other relief as this Court deems just and appropriate.

Dated: October 13, 2014              **FREEBORN & PETERS LLP**

                        By:    /s/ Shelly A. DeRousse
                               Counsel for the Debtor

                               Shelly A. DeRousse (No. 6274798)
                               FREEBORN & PETERS LLP
                               311 South Wacker Drive, Ste. 3000
                               Chicago, Illinois 60606-6677
                               Telephone:  312.360.6000
                               Facsimile:   312.360.6995