**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KENT ALLEN WOODS, | ) | Case No. 13-B-39194 |
| | ) | |
| Debtor. | ) | Hon. Judge Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: November 4, 2014 at 10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on November 4, 2014 at 10:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 613, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Debtor's Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022 and Approval of Shortened and Limited Notice*, a copy of which is attached hereto and herewith served upon you.

Dated: October 30, 2014          **KENT A. WOODS**

                                 By:    /s/ Shelly A. DeRousse
                                        One of Its Attorneys

                                        Shelly A. DeRousse
                                        FREEBORN & PETERS LLP
                                        311 South Wacker Drive, Ste. 3000
                                        Chicago, Illinois 60606-6677
                                        Telephone:  312.360.6000
                                        Facsimile:   312.360.6995

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KENT ALLEN WOODS, | ) | Case No. 13-B-39194 |
| | ) | |
| Debtor. | ) | Hon. Judge Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: November 4, 2014 at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

I, Shelly A. DeRousse, an attorney, hereby certify that on October 30, 2014, I caused a true and correct copy of the foregoing *Notice of Motion* and *Debtor's Motion for Final Decree Pursuant to Section 350(a) and Bankruptcy Rule 3022 and Approval of Shortened and Limited Notice*, to be filed with the Court and served upon the following parties by the manners listed.

/s/ Shelly A. DeRousse

**Service List**

**CM/ECF Notice List**

John C. Legutki   jclegutski@sbcglobal.net
Terri M. Long   tmlong@tmlong.com
Steven S. Shonder   steve@shonderlegal.com
Stephen G. Wolfe   steve.g.wolfe@usdoj.gov

**U.S. Mail Notice List**

5th Third Bank
5050 Kingsley Drive
MD# 1MOC2N
Cincinnati, OH 45263

Ally Financial
P.O. Box 380901
Bloomington, MN 55438

Ally Financial
P. O. Box 130424
Roseville, MN 55113-0004

American Eagle
P.O. Box 965005
Orlando, FL 32896

American Express
P.O. Box 981537
El Paso, TX 79998

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Ann Marie Murphy
1944 W. Thomas Street
Unit 1
Chicago, IL 60622

Banana Republic
P.O. Box 965005
Orlando, FL 32896

Bank of America
4161 Piedmont Parkway
Greensboro, NC 27410

Beatrice Zaragoza
2035 South Indiana #210
Chicago, IL 60616

BMO Harris
111 West Monroe, LLW
Chicago, IL 60603

BMO Harris
Bankruptcy Department
180 N. Executive Drive
Brookfield, WI 53005

BMO Harris Bank
770 North Water Street
Milwaukee, WI 53202

Capital One
POB 30281
Salt Lake City, UT 84130

CarMax Auto Finance
Attn: Bankruptcy Department
225 Chastain Meadows Ct.
Suite 210
Kennesaw GA 30144

CDPEAC
C/O P.O. Box 965036
Orlando, FL 32896

Chase
P.O. Box 24696
Columbus, OH 43224

Chicago Mercantile Exchange
20 South Wacker
Chicago, IL 60606

Christopher John Guzzarde
2128 West Rice Street Unit 3
Chicago, IL 60622

Discover Financial Services LLC
P.O. Box 15316
Wilmington, DE 19850

Fifth Third Bank
9441 LBJ Freeway, Suite 350
Dallas, TX 75243

Futures International
190 South LaSalle Street
Suite 410
Chicago, IL 60603

HSBC Bank
Bankruptcy Department
P.O. Box 9068
Brandon, FL 33509-9068

Illinois Department of Revenue
P.O. Box 19447
Springfield, IL 62719

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
200 West Adams, 23rd Floor
Chicago, IL 60606

John C Legutki
The Monadock Building
53 W Jackson Blvd Suite 920
Chicago, IL 60604

Kohls
N56 W 17000 Ridgewood Drive
Menomonee Falls, WI 53051

LaSalle National Bank
c/o Bank of America, NA
CA6-919-02-41
PO Box 5170
Simi Valley, CA 93062

Lens Crafters
P.O. Box 965036
Orlando, FL 32896

3

Leticia Zaragoza
2035 South Indiana, #210
Chicago, IL 60616

Jefferson Capital Systems
PO Box 7999
Saint Cloud, MN 56302

Old Navy
P.O. Box 965005
Orlando, FL 32896

OTC Global Holdings
5151 San Felipe, Suite 2200
Houston, TX 77056

Peter Cooper
Lawrence Kamin Saunders & Uhlenhop
300 South Wacker Drive, Suite 500
Chicago, IL 60606

Sears
P.O. Box 6282
Sioux Falls, SD 57117

Shell Credit Card
P.O. Box 6497
Sioux Falls, SD 57117

Steven S. Shonder
77 West Jackson Drive
Chicago, IL 60601

Target
P.O. Box 673
Minneapolis, MN 55440

Tenco, Inc.
Thomas Neal
141 West Jackson Blvd.
Chicago, IL 60604

The Home Depot (THD/CBNA)
P.O. Box 6497
Sioux Falls, SD 57117

Thomas Neal
135 South LaSalle Street
Chicago, IL 60603

Thomas Neal
525 Crabtree Lane
Lake Forest, IL 60045

UNVL/CITI
6241 P.O. Box
Sioux Falls, SD 57117

US Bank
Bankruptcy Department
PO Box 5229
Cincinnati, OH 45201

US Commodity Futures Trading Comm.
525 West Monroe Street,
Suite 1100
Chicago, IL 60661

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KENT ALLEN WOODS, | ) | Case No. 13-B-39194 |
| | ) | |
| Debtor. | ) | Hon. Judge Timothy A. Barnes |
| | ) | |
| _____ | ) | Hearing Date: November 4, 2014 at 10:00 a.m. |

**DEBTOR'S MOTION FOR FINAL DECREE PURSUANT TO**
**SECTION 350(a) AND BANKRUPTCY RULE 3022 AND**
**APPROVAL OF SHORTENED AND LIMITED NOTICE**

Kent Allen Woods (the "*Debtor*"), as debtor and debtor in possession, by and through his attorneys, hereby moves (the "*Motion*"), pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "*Bankruptcy Rules*") for the entry of a final decree ("*Final Decree*") closing this Chapter 11 case and for approval of shortened and limited notice of this Motion. In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

3. On October 4, 2013 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On June 25, 2014, the Debtor filed his *Second Amended Plan of Reorganization* (the "*Plan*").

5. Also on June 25, 2014, the Debtor filed his *First Amended Disclosure Statement for His Second Amended Plan of Reorganization* (the "*Disclosure Statement*").

6. On August 20, 2014, the Court entered an order (the "*Confirmation Order*") approving the Disclosure Statement and confirming the Plan.

7. On or about August 25, 2014, the Debtor closed the sale of the real property located in Wheaton, Illinois which resulted in gross proceeds of $500,000.00. Of those proceeds, the Debtor paid $310,586.65 to Fifth Third Bank in full satisfaction of its Class 2 secured claim. Additionally, the costs related to the sale were deducted and the Debtor's spouse received half of remaining net proceeds pursuant to the Plan and Confirmation Order.

8. The Debtor holds the remaining net proceeds for distribution to creditors in accordance with the terms of the Plan.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks entry of an order for Final Decree closing the Debtor's chapter 11 case, and approving shortened and limited notice of this Motion.

**I.     The Court Should Entry a Final Decree and Close this Case.**

10. Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

11. Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12. The term fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth

2

the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    (a) Whether the order confirming the plan has become final;

    (b) Whether deposits required by the plan have been distributed;

    (c) Whether the property proposed by the plan to be transferred has been transferred;

    (d) Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    (e) Whether payments under the plan have commenced; and

    (f) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts have affirmed its adoption of the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed. *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); *see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree).

    13.    The factors set forth in the Advisory Committee Note weigh in favor of an entry of Final Decree. First, the Court has entered the Confirmation Order confirming the Plan which is final and non-appealable.

14. Second, the Debtor has commenced Plan payments as a result of the sale of the Wheaton property. Specifically, in accordance with Local Rule 3022-1, the status of payments to each class under the Plan is as follows:

| Class | Status |
|---|---|
| Class 1 (Mortgage Holder of Wisconsin Property) | Collateral listed for sale |
| Class 2 (Mortgage Holder of Wheaton Property) | Paid in full |
| Class 3 (Lien Holders Secured by Vehicles) | Debtor paying in ordinary course |
| Class 4 (Priority Unsecured Claims) | Awaiting sale of Wisconsin Property |
| Class 5 (CFTC Claims) | Payment not yet due |
| Class 6 (General Unsecured Claims) | Awaiting sale of Wisconsin Property for possible distribution, depending on sale price |
| Class 7 (Murphy Claims) | Payment not yet due |

15. Third, the Plan provides for the payment of the Debtor's creditors from the proceeds of the sale of real property located in Wheaton, Illinois and in Edgerton, Wisconsin. The Debtor has sold the Wheaton property, but has not yet sold the Wisconsin property. The Debtor hopes a sale will occur within the next 6 months. The Wisconsin Property has been listed for sale and is currently being marketed by a licensed real estate broker, but no offer has been accepted for the bulk of the property. The Debtor has signed a contract to sell a small portion of the land, which is expected to close within the next 30 days.

16. Finally, but for the Debtor's counsel's professional fee application which is set for hearing on the same date as this Motion, all motions, contested matters, and adversary proceedings have been resolved.

17. Accordingly, the Debtor submits that Court should enter a Final Decree closing this Chapter 11 case because the Debtor's estate has been administered and the Plan has been substantially consummated.

4

**II.     The Court Should Approve Shortened and Limited Notice of this Motion.**

18.  Local Rule 3022-1 provides that the moving party must provide notice to the U.S. Trustee and all creditors of a motion for a final decree. The Debtor was unable to timely file this Motion in order to have it heard on the same hearing date as Debtor's counsel's final fee application, the last remaining motion in this case, as counsel unexpectedly had to attend to certain emergency matters.

19.  Nevertheless, this Motion shall be served via ECF notice upon the U.S. Trustee and all parties-in-interest who have filed an appearance in this case and mailed to all parties in interest, so the Debtor therefore contends that notice provided is appropriate under the circumstances and, further, no party will be prejudiced by the shortened and limited notice requested herein. The Debtor requests that the notice period be shortened and that the notice given be deemed adequate under the circumstances.

**WHEREFORE,** the Debtor requests the entry of an order: (i) entering a Final Decree and closing this chapter 11 case, (ii) approving the shortened and limited notice requested herein, and (iii) granting such other and further relief as is just and to which the Debtor may be entitled under the circumstances.

Dated:  October 30, 2014                    **KENT ALLEN WOODS**

                                            By:    /s/ Shelly A. DeRousse
                                                   Shelly A. DeRousse (No. 6274798)
                                                   FREEBORN & PETERS LLP
                                                   311 South Wacker Drive, Suite 3000
                                                   Chicago, Illinois 60606
                                                   Telephone:  312.360.6000
                                                   Facsimile:  312.360.6573

5